IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS RUSSELL HOOPER,                                    Case No. 6:18-cv-00244-JR

        Plaintiff,

        v.                                                                              FINDINGS AND
                                                                                        RECOMMENDATION

YAMPA VALLEY MEDICAL CENTER and
DR. LAILA WILBER POWERS,

            Defendants.

RUSSO, Magistrate Judge:

Defendants Yampa Valley Medical Center ("YVMC") and Dr. Laila Wilber B. Powers ("Dr. Powers") move to dismiss plaintiff Dennis Russell Hooper's complaint pursuant to Fed. R. Civ. P. 12(b)(2). Oral argument was held on June 28, 2018. For the reasons set forth below, defendants' motion to dismiss should be granted.

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

On February 8, 2016, plaintiff visited YVMC's emergency room in Steamboat Springs, Colorado. Plaintiff complained of a severely swollen upper right leg. At the time, Dr. Powers was the attending emergency room physician. Dr. Powers ordered blood tests and an ultrasound to determine the cause of the swelling. No x-rays were taken. Dr. Powers diagnosed plaintiff with deep vein thrombosis and prescribed Coumadin and Lovenox. Plaintiff was released the same day.

On February 13, 2016, plaintiff returned to his home in Roseburg, Oregon. Because plaintiff's right leg swelling had not subsided, he went to the emergency room at the Portland Veteran's Administration Medical Center. A physician took x-rays of plaintiff's leg and determined that plaintiff's right femur had a shear fracture above the knee. Surgery was performed on February 15, 2016, including installation of hardware and a stabilization rod in plaintiff's right leg. Since the initial surgery, plaintiff has had two subsequent surgeries to partially remove some of the hardware. On February 6, 2018, plaintiff filed a complaint in this court based on defendants' medical negligence.

## STANDARD OF REVIEW

A defendant may move for a dismissal on the grounds that the court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries. First, the exercise of jurisdiction must satisfy the requirements of the forum state's long-arm statute. Jenkins v. Whittaker Corp., 785 F.2d 720, 723 (9th Cir. 1986). Second, the

Page 2 – FINDINGS AND RECOMMENDATION

exercise of jurisdiction under the forum state's statute must comport with federal due process. Id. Oregon's long-arm statute confers jurisdiction to the extent permitted by due process under the United States Constitution. Ranza v. Nike, Inc., 793 F.3d 1059, 1068 (9th Cir. 2015) (citing Or. R. Civ. P. 4(L)). Under federal due process, a nonresident defendant must "have certain minimum contacts" with the forum state "such that the [exercise of jurisdiction] does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted).

The plaintiff need only make a prima facie showing of jurisdictional facts to withstand a motion to dismiss. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). Where the motion is based on written materials rather than an evidentiary hearing, the court must determine whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 127-28 (9th Cir. 1995). While the plaintiff cannot rest solely on the bare allegations of the complaint, uncontroverted factual allegations must be accepted as true. Amba Mktg. Sys. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977).

## DISCUSSION

There are two types of personal jurisdiction a forum state may exercise over nonresident defendants: specific and general. Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008). A finding of either general or specific jurisdiction will support the exercise of personal jurisdiction over a defendant. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

## I.    General Jurisdiction

The due process clause permits a court to exercise general jurisdiction when the defendant's activities within the forum state are "substantial" or "continuous and systematic."

Page 3 – FINDINGS AND RECOMMENDATION

Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1171 (9th Cir. 2006) (citing Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 415 (1984)). The standard for general jurisdiction is "exacting . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger, 374 F.3d at 801.

In determining whether a nonresident defendant's contacts are substantial or continuous and systematic, the court considers defendant's "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011) (quoting Tuazon, 433 F.3d at 1172). Additional factors to be considered include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

Here, plaintiff has not set forth a prima facie case showing that defendants' have substantial or continuous and systematic contacts with Oregon. First, Dr. Powers is not currently, nor has she ever been, an Oregon resident. Powers Aff. ¶ 3 (doc. 13). Moreover, Dr. Powers is licensed to practice medicine exclusively in Colorado, and she has never applied for a medical license or practiced medicine in the state of Oregon. Id. Second, YVMC is a Colorado registered corporation that conducts its business activities solely in Steamboat Springs, Colorado. Sandvik Aff. ¶ 3 (doc. 14). YVMC does not advertise to or solicit Oregon patients, and YVMC does not contract with Oregon businesses or have any agreements with Oregon-based health care providers. Id. In sum, defendants operate a localized practice with no generalized contacts to the forum state of Oregon. Because plaintiff fails to allege or provide any evidence showing

Page 4 – FINDINGS AND RECOMMENDATION

defendants' contacts with Oregon are "substantial" or "continuous and systematic," this Court lacks general jurisdiction.

## II.    Specific Jurisdiction

Where general jurisdiction over defendants is lacking, a court may still exercise specific jurisdiction if the case arises out of the defendant's minimum contacts with the forum state. Int'l Shoe Co., 326 U.S. at 316. The Ninth Circuit has established a three-prong test for analyzing whether specific jurisdiction is proper: (1) a defendant must "purposefully direct his activities" or "perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum [state];" (2) the plaintiff's claim must be "one which arises out of or relates to the defendant's forum-related activities;" and (3) the exercise of personal jurisdiction over the defendant must "comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger, 374 F.3d at 802.

The plaintiff "bears the burden of satisfying the first two prongs of the test." Id. In the event plaintiff fails to satisfy either of the first two prongs, personal jurisdiction will not be established in the forum state. Id. If, however, the plaintiff is successful in satisfying the first two prongs, the burden shifts to the defendant to show why the exercise of personal jurisdiction would not be reasonable. Id.

Under the first prong, the plaintiff must establish that the defendant either purposefully availed itself of the privilege of conducting activities in the forum state, or purposefully directed its activities toward the forum state. Id. The Ninth Circuit often uses the phrase "purposeful availment" to include both purposeful availment and purposeful direction; however, the two

concepts are distinct.[1] Id. Because plaintiff has alleged the tort of medical negligence, the purposeful direction test should govern this case. See Pl.'s Compl. at p. 5 (doc. 1).

To establish purposeful direction, the plaintiff must show defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." Yahoo! Inc. v. La Ligue Contre Le Racisme, 433 F.3d 1199, 1206 (9th Cir. 2006). Because the first element is undisputed, the court's analysis focuses on the last two elements.

Regarding the second element, defendants argue the act of diagnosing and treating plaintiff in Colorado is not the type of affirmative conduct which allows or promotes the transaction of business within Oregon. The Ninth Circuit has dismissed based on lack of jurisdiction over a defendant physician wherein the physician's only substantial contact with the forum was the treatment of plaintiff's injuries. See, e.g., Bennett v. Pratt Reg'l Med. Ctr. Corp., 2013 WL 6048916, *3 (D. Ariz. Nov. 15, 2013); see also Wright v. Yackley, 459 F.2d 287, 291 (9th Cir. 1972) (no personal jurisdiction when a physician's only contact with the forum state was a mailed prescription to a former patient); Harrison v. Butler, 1997 WL 730259, *1 (9th Cir. 1997) (no personal jurisdiction when a physician's only contact with the forum state was a phone call to arrange an appointment); Prince v. Urban, 49 Cal. App. 4th 1056, 1058 (1996) (courts cannot exercise jurisdiction over a physician even though the effects of the doctor's negligence are felt in the forum state).

Specific jurisdiction requires the defendant to aim its conduct at the forum, not just at the plaintiff. Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014). Here, the services rendered were not

---

[1] Purposeful availment generally applies to contract cases, while purposeful direction generally applies to tort cases. Schwarzenegger, 374 F.3d at 802. Regardless of which test applies, the Court's conclusion here is the same because defendants' conduct does not satisfy either standard.

aimed at Oregon, but to plaintiff's medical care in Colorado. When a claim is focused on personal services, the focus must be on the place where the services are rendered. Wright, 459 F.2d at 289. The alleged negligent acts took place in Colorado. Plaintiff's residence in Oregon is irrelevant and incidental to the treatment provided by defendants in Colorado. No specific jurisdiction exists over a nonresident defendant whose only contact with the forum state is the mere unilateral activity with the plaintiff. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980).

Regarding the third element, there must be "something more" than mere foreseeability that further harm may be suffered by a plaintiff in the forum state. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1156 (9th Cir. 2006) (citing Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1087 (9th Cir. 2000)). "Something more" requires a defendant to "individually target" the forum state rather than simply commit an act that has foreseeable effects in the forum state. Id. at 1157.

Plaintiff fails to establish how defendants individually targeted Oregon by treating him in Colorado. The mere fact that defendants' conduct affected plaintiff in the forum state is insufficient to establish jurisdiction. Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1143 (9th Cir. 2017) (citing Walden, 134 S. Ct. at 1126). Courts hold that "[m]edical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of [her] treatment and in what distant lands [she] may be called upon to defend it." Wright, 459 F.2d at 290. The fact that further injury occurred in Oregon is precisely the type of "random, fortuitous, or attenuated contact" that cannot provide the basis for specific jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Because plaintiff fails to satisfy

Page 7 – FINDINGS AND RECOMMENDATION

elements two and three under the first prong of the specific jurisdiction test, the Court need not analyze the second and third prongs.

Plaintiff is unable to demonstrate a prima facie case for either general or specific jurisdiction. Therefore, this Court lacks personal jurisdiction and defendants' motion to dismiss should be granted.

## RECOMMENDATION

For the reasons stated above, defendants' motion to dismiss (doc. 12) should be granted and all pending motions should be denied as moot. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 29th day of June 2018.

s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

Page 8 – FINDINGS AND RECOMMENDATION